Allie Zura
vs.
Neely Company, Inc. et al. }No. 86837.

### October 23, 1931.

TANNER, J. This case is heard upon the motion of defendants to vacate the sale of goods attached in this case, said sale being upon execution.

The only ground upon which the Court is asked to vacate the sale is that there was a conspiracy between the plaintiff and one or two other parties to the effect that the plaintiff should be allowed to bid upon the

goods and that the other parties to the alleged conspiracy should refrain from doing so.

The law in the case is well stated in 6 Corpus Juris, 831:

"Sales which are affected by combinations of interests or agreements not to bid are voidable or not, according to the object for which parties enter into the agreements. If the purpose is to chill the sale and purchase property for less than its market value, the seller may void the sale. If, on the other hand, the agreement is made without any design to commit a fraud, but to enable the parties to the agreement to purchase conveniently, or if the agreement is for any honest purpose, the sale will be valid."

Evidence was submitted by the defendants to show that the goods were sold for a grossly inadequate sum. Evidence in rebuttal of this claim was submitted by the plaintiff. The goods consisted of a number of secondhand cash registers and a number of secondhand fixtures, of counters, &c. While the original cost of these machines and fixtures was many times the price for which they were sold on execution, they had been in use for a number of years and several experts testified for the plaintiff that they were not worth any more than, if as much as the sum for which they were sold on execution.

We are, therefore, not satisfied that the sale was for a grossly inadequate price. No question is made that the sale was not properly advertised, or properly conducted, several persons having been present at the sale and having bid thereat. The plaintiff claims that he merely entered into a partnership relation with the other party or parties to the alleged conspiracy and thought he might need assistance of the other parties in disposing of the goods. He also testified without contradiction that he

agreed before the sale with the other parties to the alleged conspiracy that he could purchase their interest in the goods for $100 and that he did exercise this option. This being so, it does not seem to us that the other parties to the alleged conspiracy would have been apt to bid any more than the selling price in any event.

See *Kearney* vs. *Taylor*, 15 Howard 494.

We do not find, therefore, that there was any fradulent purpose in said combination and the motion must therefore be denied.

For plaintiff: Atwood, Remington, Thomas & Levy.

For defendant: Philip C. Joslin.